UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SUSAN HINDS, individually, and as CEO of Strategic Management Harmony, LLC, and BFC SOLUTIONS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:05-cv-180-DFH-WGH |
| ENHANCED BUSINESS REPORTING CONSORTIUM, INC., GRANT THORNTON, LLP, PRICEWATERHOUSE COOPERS, LLP, AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS, MICROSOFT, INC., MIKE STARR, as managing partner of Grant Thornton, LLP, and as a founding partner of Enhanced Business Reporting Consortium, Inc., JOHN O'CONNER, as Chairman of Services of Priceswaterhouse Coopers, LLP, and as a founding partner of Enhanced Business Reporting Consortium, Inc., ALAN ANDERSON, as Senior Vice President of Member Services of American Institute of Certified Public Accountants and as a founding partner of Enhanced Business Reporting Consortium, Inc., and BOB LAUX, as Director of Financial Reporting for Microsoft, Inc., and as a founding partner of Enhanced Business Reporting Consortium, Inc., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL
AND MOTION TO STRIKE**

This matter is before the Honorable William G. Hussmann, Jr., United,

States Magistrate Judge, upon Plaintiff's Motion to Compel Answers to

Interrogatories and Production of Documents or, the Alternative, for an In Camera Inspection of Documents, Sanctions filed July 8, 2009.  (Docket No. 285).  Defendant Grant Thornton LLP filed a Memorandum of Law in opposition to the motion on July 23, 2009.  (Docket No. 288).  Plaintiff filed a Motion to Strike defendant's Memorandum of Law on August 3, 2009.  (Docket No. 294).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Motion to Compel and **DENIES** the Motion to Strike for the following reasons:

1. As to the Motion to Compel further answers to Interrogatories, the Magistrate Judge has reviewed the Interrogatories and finds the Defendant's objections to be well-taken.  The Interrogatories, as framed by the plaintiff, are vague, over broad, and unduly burdensome.  Virtually all of the Interrogatories are vague, and most of them request information with respect to many subparts found within the interrogatory.  The requirement to answer all of the subparts sought would make the number of interrogatories far exceed federal and local rules with respect to the number of Interrogatories.  Because the Interrogatories are vague, over broad, and unduly burdensome, that portion of the Motion to Compel is denied.

2. With respect to the defendant's responses to plaintiff's First Request for Production of Documents, defendant's objections are sustained, with the following exceptions:

    (a)    Request for Production No. 14:  Defendant's relevancy objection is overruled, in part, and defendant shall provide the salary

        history, offer letters, fringe benefit packages, economic and non-economic benefits, and written contracts for any employment of Mike Starr, Mike Krzuz, Paul Herring, and Greg Pitzer.

(b)      Request for Production No. 15: Defendant's relevancy objection is overruled, and defendant shall respond to this Request.

(c)      Request for Production No. 20: Defendant's relevancy objection is overruled, and defendant shall provide any and all documents that relate to lawsuits, complaints, or charges of discrimination because of gender or violations of the Equal Pay Act which have occurred within three years of the date of the filing of this lawsuit.

(d)      Request for Production No. 23: Defendant's relevancy objection is overruled, and those items shall be produced.

(e)      Request for Production No. 24: Defendant's relevancy objection is overruled, and the requested documentation shall be provided for a period of time three years prior to the date of the filing of this lawsuit.

(f)      Request for Production No. 34: Defendant's relevancy objection is overruled, and the personnel files of Mike Starr, Mike Krzuz, Paul Herring, and Greg Pitzer shall be produced.

    3. With respect to plaintiff's objection to the Privilege Log provided by defendant Grant Thornton, the Magistrate Judge has reviewed the Privilege Log and concludes that it sufficiently details the documents which have been withheld so that the plaintiff can ascertain which of those documents may be protected by the attorney-client privilege or the work product doctrine. Plaintiff may file an additional motion to compel addressing – on a specific document-by-document – basis why certain of the documents may not be subject to the claimed privilege. The court cannot review the plaintiff's blanket objection at this time, and the Motion to Compel with respect to those items is at this time denied.

Defendant shall produce those items required by this Order within fifteen (15) days of this date.

Plaintiff's Motion to Strike defendant's Memorandum of Law is **DENIED,** as the Magistrate Judge finds that the response complies with this court's Local Rules.  The fact that the Magistrate Judge, when faced with competing versions of a proposed Case Management Plan, elected to use the version selected by the defendant does not render the discovery process invalid.  Defendant's responses to plaintiffs' Interrogatories and Requests for Production of Documents are reasonable in light of the vague and over broad requests submitted by plaintiff.

**SO ORDERED.**

**Dated:**  August 20, 2009

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

SUSAN HINDS
1313 Gleneagles Place
Greendale, IN  47025

Michael J. Buddendeck
AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
mbuddendeck@aicpa.org

M. Faiyaz Hussain
GRANT THORNTON LLP
175 W. Jackson Blvd.
Chicago, IL  60604

-5-

Steven P. Langdon
MCNEELY STEPHENSON THOPY & HARROLD -NA
splangdon@msth.com

Gray A. Mateo
NEAL, GERBER & EISENBERG, LLP
gmateo@ngelaw.com

Joseph W. Muccia
THOMPSON HINE LLP
joseph.muccia@thompsonhine.com

Sandra H. Perry
BOSE MCKINNEY & EVANS, LLP
sperry@boselaw.com

David Brian Ritter
NEAL GERBER & EISENBERG LLP
dritter@ngelaw.com

William Michael Sunkel
WINSTON & STRAWN LLP
wsunkel@winston.com

David L. Swider
BOSE MCKINNEY & EVANS, LLP
dswider@boselaw.com