UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SUSAN HINDS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 4:05-cv-0180-DFH-WGH |
| ) | |
| GRANT THORNTON, LLP, ) | |
| ) | |
| Defendant. ) | |

ENTRY AFFIRMING MAGISTRATE JUDGE'S ORDERS OF JUNE 22, 2009

A district court may modify or set aside a magistrate judge's ruling regarding non-dispositive pretrial motions only if the ruling is "clearly erroneous or contrary to law." See Fed. R. Civ P. 72(a) ("The district judge to whom the case is assigned shall consider such objections [to the magistrate judge's order] and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

Magistrate Judge Hussmann entered three orders on June 22, 2009 (Dkts. 267, 268, and 269), and the plaintiff has appealed each of these orders.

1.      Plaintiff's appeal (Dkt. 282) from the June 22, 2009, Order (Dkt. 268) denying the plaintiff's motion to amend the complaint has been considered. The Order from which this appeal is taken was correct. Specifically, the magistrate judge correctly pointed out that there was no proposed amended complaint attached to the motion to amend the complaint (Dkt. 239) as required by Local Rule 15.1, the claims that might be the subject of the amended complaint appear to be unrelated to the case currently before the court, and the motion to amend was untimely. The plaintiff appears to argue that the proposed amended complaint filed on June 24, 2009, (Dkt. 271) should have been considered along with her motion to amend filed on March 11, 2009. The magistrate judge did not err in failing to consider a proposed amended complaint first filed after the motion to amend the complaint was denied.[1]

At the conference on August 27, 2009, plaintiff addressed the order orally, making points that had not been made in her original motion to amend her complaint or in her written appeal of the magistrate judge's denial. The court has reviewed both the original motion and the appeal. The original motion (Dkt. 239) did not include a proposed amended complaint but provided instead sixteen pages of rambling discussion of irrelevant matters and a host of unrelated objections to earlier court decisions on other issues. The magistrate judge did not err by denying that motion. The court will not reverse the magistrate judge's proper

---

[1]That proposed amended complaint was subsequently rejected (Dkt. 287).

decision denying late amendments to the complaint based on reasons first stated orally in the conference so late in the case.

At the August 27, 2009 conference, plaintiff also pointed out that the court has vacated the trial date, which had provided one of the reasons for the magistrate judge's denial. The trial date had to be vacated after the magistrate judge ruled properly. The trial date had to be vacated because of the plaintiff's continued and unjustified delays in submitting to her own deposition in this action. A party is not entitled to extend the time for amending pleadings by refusing to comply with her own discovery obligations. The magistrate judge's June 22, 2009, Order (Dkt. 268) is affirmed.

2.      Plaintiff's appeal (Dkt. 284) from the June 22, 2009, Order (Dkt. 267) denying the plaintiff's motions requesting that the Court issue subpoenas on behalf of the plaintiff has been considered. The Order from which this appeal is taken was also correct. The magistrate judge correctly held that the nineteen subpoenas filed on April 28, 2009 and May 1, 2009 have procedural defects and are overbroad.[2] The subpoenas seek discovery that is outside the scope of this lawsuit, which concerns whether the plaintiff was the victim of sex discrimination, retaliation, and unequal pay in employment with defendant Grant Thornton. The subpoenas would violate Federal Rule of Civil Procedure 45(c) because they would

---

[2] See Order Denying Plaintiff's Hardship Motion to Issue Subpoenas (Dkt. 253) and Corrected Entry (Dkt. 255) further discussing the plaintiff's prior motions on the same subject.

impose an undue burden or expense on the persons subject to the subpoenas by requiring the production of irrelevant information. In addition, service of the subpoenas requesting production of documents upon people or entities in New York, Delaware, the District of Columbia, Massachusetts, Florida, California and Illinois is not proper. These entities are outside the Southern District of Indiana's purview under Rule 45(a)(2) and are also outside of the 100 mile territorial limit imposed by Rule 45(b)(2). Accordingly, the magistrate judge's June 22, 2009 Order (dkt 267) is affirmed.

3.   Plaintiff's appeal (Dkt. 283) from the Court's June 22, 2009, Order (Dkt. 269) granting defendant's motion to compel discovery[3] has been considered. The plaintiff contends that she was not given notice of the defendant's "Motion to Dismiss, with Prejudice, for Want of Prosecution, Discovery Violations, and for Sanctions, or Alternatively, Motion to Compel Discovery, for an Extension of Time, and for Sanctions," which requested that the court compel the plaintiff to respond

---

[3]The following specific orders were issued:

   1.   Susan Hinds shall respond to outstanding interrogatories or requests for production by not later than July 6, 2009.

   2.   Ms. Hinds and defendant's counsel shall appear, by telephone, before the Magistrate Judge, with their calendars, at the telephonic status conference set for July 8, 2009. Ms. Hinds will be ordered to provide a date to appear for the taking of her deposition, which will occur not later than July 17, 2009. [The July 8, 2009, telephonic status conference set the deposition for July 15, 2009, (Dkt. 287).]

   3.   Ms. Hinds is advised that she must respond to discovery and present herself for a deposition. Her failure to comply with these orders may result in this matter being dismissed.

to discovery and appear for her deposition.[4]  Assuming for the purposes of this motion that the plaintiff did not receive a copy of the motion and related documents (Dkts. 256-58), there is no indication from the record that the defendant intentionally failed to serve the plaintiff with these documents and therefore any request for sanctions based on this incident is denied.  Contrary to the plaintiff's argument, the motion and its supporting documents were not filed *ex parte*.  They were filed on the court's public docket without restrictions on access.  See Local Rule 5.1 and 5.13.  In any event, the defendant's alleged failure to comply with Federal Rule of Civil Procedure 5(a)(1)(D) (requiring service on every party of a written motion, except one that may be heard *ex parte*) and 5(b)(2)(C) (providing that service may be made by mailing the papers to the party's last known address) has been remedied.  The plaintiff was subsequently sent a copy of the motion to dismiss and related documents (Dkts. 256-58) and was given additional time to file a response in opposition to the defendant's motion (Dkt. 290). It is true that the June 22, 2009, Order (Dkt. 269) granting defendant's motion to compel discovery was issued prior to the time the plaintiff states that she received her copy of the defendant's motion and supporting documents.

---

[4]The defendant's motion and supporting documents included a certificate of service representing that the motion was served on the plaintiff via "both e-notification (ECF) and U.S. mail" on April 23, 2009.  On July 8, 2009, a telephone status conference was held and the defendant was instructed to mail a hard copy of its Motion to Dismiss (Dkts. 256-58) to the plaintiff and gave the plaintiff through July 25, 2009, in which to file a response to the Motion to Dismiss.  On July 8, 2009, a second Certificate of Service was filed by defendant's counsel stating that a copy of documents filed at docket numbers 256, 257, and 258 was served on the plaintiff via e-mail and U.S. mail.  The plaintiff filed her response in opposition on July 28, 2009.  The motion to dismiss is being denied through a separate entry today.

However, nothing in the plaintiff's 36-page response or 25-page appeal provides a coherent argument regarding why the Court's June 22, 2009, Order (Dkt. 269) granting the defendant's motion to compel discovery was in error.[5] That order was limited to a ruling requiring the plaintiff to respond to discovery requests and to present herself for a deposition. That order was correct. The plaintiff has an obligation to participate with all aspects of the discovery process. Once a party invokes the judicial system by filing a lawsuit, she must abide by the rules of the court. A party can not decide for herself when she feels like pressing her action and when she feels like taking a break. Trial judges have a responsibility to all litigants to keep their court calendars moving forward toward resolution. See *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005), citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir. 1993) (internal quotations omitted).

---

[5]To the extent that the plaintiff asserted that she could refuse to allow the defendant to take her deposition because the "Defendant's [sic] were involved in prior depositions involving MEP, Plaintiff's former attorney, directly or indirectly" she is mistaken. (See Dkt. 290, page 32-33.) In any event, plaintiff has now been deposed in this action.

So ordered.

Date: August 28, 2009

_____
DAVID F. HAMILTON, Chief Judge
United States District Court
Southern District of Indiana

Copies to:

Michael J. Buddendeck
AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS
mbuddendeck@aicpa.org

M. Faiyaz Hussain
GRANT THORNTON LLP
175 W. Jackson Blvd.
Chicago, IL 60604

Steven P. Langdon
MCNEELY STEPHENSON THOPY & HARROLD -NA
splangdon@msth.com

Gray A. Mateo
NEAL, GERBER & EISENBERG, LLP
gmateo@ngelaw.com

Joseph W. Muccia
THOMPSON HINE LLP
joseph.muccia@thompsonhine.com

Sandra H. Perry
BOSE MCKINNEY & EVANS, LLP
sperry@boselaw.com

David Brian Ritter
NEAL GERBER & EISENBERG LLP
dritter@ngelaw.com

William Michael Sunkel
WINSTON & STRAWN LLP
wsunkel@winston.com

-8-

David L. Swider
BOSE MCKINNEY & EVANS, LLP
dswider@boselaw.com

Susan Hinds
1313 Gleneagles Place
Greendale, IN 47025